1

2

3

4

5

6

7

8

9       UNITED STATES DISTRICT COURT

10       EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12 DAVID HERNANDEZ, | CASE NO. 1:14-cv-01743-LJO-MJS (PC) |
| 13         Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO:** |
| 14     v. | |
| 15 CLIFF ALLENBY, et al., | **(1) DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM,** |
| 16         Defendants. | **(2) DIRECT CLERK'S OFFICE TO SEND HABEAS PETITION FORM, AND** |
| 17 | |
| 18 | **(3) REQUIRE PLAINTIFF TO FILE HABEAS PETITION OR NOTICE OF VOLUNTARY DISMISSAL WITHIN THIRTY DAYS** |
| 19 | |
| 20 | |
| 21 | **(ECF NO. 1)** |
| 22 | |
| 23 | **FOURTEEN (14) DAY OBJECTION DEADLINE** |
| 24 | |

25       Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil

26 rights action brought pursuant to 42 U.S.C. § 1983. His complaint is before the Court for

27 screening.

28

1    I.    SCREENING REQUIREMENT

2         The in forma pauperis statute provides, "Notwithstanding any filing fee, or any

3    portion thereof, that may have been paid, the court shall dismiss the case at any time if

4    the court determines that . . . the action or appeal . . . fails to state a claim upon which

5    relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

6    II.   PLEADING STANDARD

7         Section 1983 "provides a cause of action for the deprivation of any rights,

8    privileges, or immunities secured by the Constitution and laws of the United States."

9    Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

10   Section 1983 is not itself a source of substantive rights, but merely provides a method for

11   vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94

12   (1989).

13        To state a claim under § 1983, a plaintiff must allege two essential elements:

14   (1) that a right secured by the Constitution or laws of the United States was violated and

15   (2) that the alleged violation was committed by a person acting under the color of state

16   law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d

17   1243, 1245 (9th Cir. 1987).

18        A complaint must contain "a short and plain statement of the claim showing that

19   the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

20   are not required, but "[t]hreadbare recitals of the elements of a cause of action,

21   supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

22   662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

23   Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

24   that is plausible on its face." Id. Facial plausibility demands more than the mere

25   possibility that a defendant committed misconduct and, while factual allegations are

26   accepted as true, legal conclusions are not. Id. at 677-78.

27

28

2

1    **III.    PLAINTIFF'S ALLEGATIONS**

2            Plaintiff is detained at Coalinga State Hospital ("CSH"). He names as Defendants

3    the following persons in their official capacities: (1) Audrey King, Executive Director of

4    CSH, (2) Cliff Allenby, Director of California Department of State Hospitals, (3) Tom

5    Voss, Former Executive Director of CSH, (4) Pam Ahlin, Former Executive Director of

6    CSH, and (5) Stephen Mayberg, former Director of California Department of Mental

7    Health.

8            Plaintiff's allegations may be summarized essentially as follows.

9            The San Diego County District Attorney filed a petition pursuant to California's

10   Sexually Violent Predator Act ("SVPA") alleging that Plaintiff required mental health

11   treatment in an inpatient setting because Plaintiff was likely to commit sexually violent

12   predatorial offenses if released into the community. The San Diego County Superior

13   Court adjudicated the petition and ordered Plaintiff be prohibited from taking part in

14   outpatient treatment. Plaintiff is detained at Coalinga State Hospital pursuant to the

15   Superior Court's order. Plaintiff has been in Defendants' custody pursuant to this order

16   since 2006.

17           Plaintiff alleges that Defendants are aware his confinement is excessively

18   restrictive in relation to the purposes of the SVPA and that he has been irrationally

19   denied the benefits of outpatient treatment. Plaintiff contends that Defendants'

20   assessments of whether Plaintiff was likely to commit sexually violent predatorial

21   offenses if released into the community were based on an irrational and fraudulent

22   assessment scheme. He points to various research studies and other articles purporting

23   to demonstrate that recidivism rates for sexually violent predators are lower than

24   perceived, that the assessment tools used by the State of California are unreliable, and

25   that supervised release and outpatient treatment of sex offenders are as effective as, if

26   not more effective than, civil detention in ensuring such offenders do not recidivate.

27

28
                                                 3

Plaintiff alleges that the assessment scheme and denial of outpatient treatment violate his Fourteenth Amendment rights to procedural and substantive due process, adequate treatment, equal protection, and to be free from conditions that are excessively restrictive in relation to their purported purposes.

Plaintiff seeks preliminary and permanent injunctive relief preventing Defendants from maintaining custody of individuals detained pursuant to the SVPA until Defendants are able to provide them with outpatient treatment, as well as a declaration that the assessment methodology used is "irrational contrary to the Procedural Due Process rights within the Constitution's Fourteenth Amendment."

## IV.    ANALYSIS

### A.    Overview of Sexually Violent Predator Act

The SVPA, Cal. Welf. & Inst. Code §§ 6600 et seq., provides for the civil commitment of "a person who has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." Cal. Welf. & Inst. Code § 6600(a)(1). The SVPA codifies a process involving several administrative and judicial stages to determine whether an individual meets the requirements for civil commitment.

First, the California Department of Corrections and Rehabilitation (CDCR) and Board of Parole Hearings (BPH) screens inmates who may be sexually violent predators at least six months prior to their scheduled release dates. Cal. Welf. & Inst. Code § 6601(a)(1), (b). The screening is conducted in accordance with a structured screening instrument developed by the State Department of State Hospitals ("SDSH"). Cal. Welf. & Inst. Code § 6601(b). If CDCR and BPH determine that an individual "is likely to be a sexually violent predator," CDCR refers the individual to the SDSH for a full evaluation. Id.

The SDSH employs a standardized assessment protocol to determine whether a person is a sexually violent predator under Cal. Welf. & Inst. Code § 6601(c). If two SDSH evaluators, or in some circumstances, two independent evaluators, determine that the person has "a diagnosed mental disorder so that he or she is likely to engage in acts of sexual violence without appropriate treatment and custody," the Director of SDSH forwards a request for a petition for commitment to the applicable county. Cal. Welf. & Inst. Code § 6601(d)-(h).

If the county's designated counsel agrees with the request, a petition for commitment is filed in Superior Court. Cal. Welf. & Inst. Code § 6601(i). "The filing of the petition triggers a new round of proceedings" under the SVPA. People v. Superior Court (*Ghilotti*), 27 Cal. 4th 888, 904 (Cal. 2002). The petition is reviewed by a superior court judge to determine whether the petition "states or contains sufficient facts that, if true, would constitute probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release." Cal. Welf. & Inst. Code § 6601.5. If so found, a probable cause hearing is conducted, at which the alleged predator is entitled to the assistance of counsel. Cal. Welf. & Inst. Code §§ 6601.5, 6602(a). If, at the hearing, no probable cause is found, the petition is dismissed. Id. However, if probable cause is found, a trial is conducted. Id.

At trial, the individual is entitled to the assistance of counsel, to retain experts or other professionals to perform an examination on his or her behalf, and to access all relevant medical and psychological records and reports. Cal. Welf. & Inst. Code § 6603(a). Either party may demand a jury trial. Cal. Welf. & Inst. Code § 6603(a)-(b). The trier of fact must determine whether the person is a sexually violent predator beyond a reasonable doubt. Cal. Welf. & Inst. Code § 6604. "If the court or jury determines that the person is a sexually violent predator, the person shall be committed for an indeterminate term to the custody of [SDSH] for appropriate treatment and confinement in a secure facility designated by the Director of State Hospitals." Id.

Once committed, sexually violent predators must be reevaluated at least annually. Cal. Welf. & Inst. Code § 6604.9(a). The annual report must include consideration of whether the person "currently meets the definition of a sexually violent predator and whether conditional release to a less restrictive alternative, pursuant to Section 6608, or an unconditional discharge, pursuant to 6605, is in the best interest of the person and conditions can be imposed that would adequately protect the community." Cal. Welf. & Inst. Code § 6604.9(b). If SDSH has reason to believe the person is no longer a sexually violent predator, it shall seek judicial review of the commitment. Cal. Welf. & Inst. Code § 6605(c). If SDSH determines that conditional release or unconditional discharge is appropriate, it shall authorize the committed person to petition the court for conditional release or unconditional discharge. Cal. Welf. & Inst. Code § 6604.9(d). The committed person also may petition the court for conditional release without the recommendation or concurrence of SDSH. Cal. Welf. & Inst. Code § 6608(a).

The court may deny a petition for conditional release without a hearing if it is based on frivolous grounds. Cal. Welf. & Inst. Code § 6608(a). If the petition is not based on frivolous grounds, the court shall hold a hearing to determine "whether the person committed would be a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior due to his or her diagnosed mental disorder if under supervision and treatment in the community." Cal. Welf. & Inst. Code § 6608(g). The committed person has the right to counsel and the appointment of experts for the hearing. Cal. Welf. & Inst. Code § 6608(a), (g). The committed person bears the burden of proof by a preponderance of the evidence, unless the SDSH's annual reevaluation determines that conditional release is appropriate, in which case the State bears the burden of proof. Cal. Welf. & Inst. Code § 6608(k). If the court determines that the committed person would not be a danger while under supervision and treatment, the person shall be placed in a conditional release program for one year.

1  Cal. Welf. & Inst. Code § 6608(g). Thereafter, the committed person may petition the
2  court for unconditional discharge. Cal. Welf. & Inst. Code § 6608(m).

3        If, upon receiving a petition for unconditional discharge, the court finds probable
4  cause to believe that the committed person is not a danger to the health and safety of
5  others and is not likely to engage in sexually violent criminal behavior if discharged, a
6  hearing is conducted. Cal. Welf. & Inst. Code § 6605(a)(2). At the hearing, the committed
7  person is entitled to the same constitutional protections afforded at the initial trial. Cal.
8  Welf. & Inst. Code § 6605(a)(3). Either party may demand a jury trial. Id. The state bears
9  the burden of proving, beyond a reasonable doubt, that the committed person remains a
10 danger to the health and safety of others and is likely to engage in sexually violent
11 criminal behavior if discharged. Id. If the petition is resolved in the committed person's
12 favor, he is unconditionally released and unconditionally discharged. Cal. Welf. & Inst.
13 Code § 6605(b).

14       **B.    Claims Cognizable Only in Habeas Corpus**

15       The exclusive method for challenging the fact or duration of Plaintiff's confinement
16 is by filing a petition for a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78
17 (2005). See 28 U.S.C. § 2254(a). Such claims may not be brought in a section 1983
18 action. Nor may Plaintiff seek to invalidate the fact or duration of his confinement
19 indirectly through a judicial determination that necessarily implies the unlawfulness of the
20 State's custody. Wilkinson, 544 U.S. at 81. A section 1983 action is barred, no matter the
21 relief sought, if success in that action would necessarily demonstrate the invalidity of
22 confinement or its duration. Id. at 81-82; Heck v. Humphrey, 512 U.S. 477, 489 (1994)
23 (unless and until favorable termination of the conviction or sentence, no cause of action
24 under section 1983 exists); Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1140 (9th Cir.
25 2005) (applying Heck to SVPA detainees with access to habeas relief).

26       Plaintiff's claims for injunctive relief seek his release from custody so that he may
27 participate in outpatient treatment in lieu of civil detention. While a claim for prospective

28
                                          7

relief often does not call into question the validity of a plaintiff's confinement, see Edwards v. Balisok, 520 U.S. 641, 648 (1997), Plaintiff's claims here directly challenge his custody. He may not bring these claims in a section 1983 action. Wilkinson, 544 U.S. at 78.

Plaintiff's claim that he is subjected to excessively restrictive conditions in violation of the Due Process clause also is barred. The excessively restrictive condition he challenges is his confinement itself. He cannot be granted relief on this claim without invalidating his detention. Thus, he may not bring this claim in a section 1983 action. Wilkinson, 544 U.S. at 81-82.

Likewise, Plaintiff's allegation that he was denied outpatient treatment in violation of the Due Process and Equal Protection clauses clearly implicates the validity of his confinement. He does not seek outpatient treatment as a stand-alone mental health care claim; rather, he seeks outpatient treatment in lieu of civil detention. Again, success on this claim would invalidate Plaintiff's confinement, and the claim therefore may not be brought in a section 1983 action. Id.

Finally, Plaintiff's claim that the assessment methodology violated his Due Process rights, and his request for a declaration to that effect, are barred on the same ground. See Huftile, 410 F.3d at 1141 (concluding that challenge to SVPA assessments would imply invalidity of civil commitment and therefore could only be brought in habeas corpus). To the extent his claims are based on the use of the assessments in his civil commitment proceedings, they present a direct challenge to the validity of his confinement, and may not be brought in this action. Wilkinson, 544 U.S. at 81. To the extent he attempts to assert due process rights in this assessment process itself, any claim as to the propriety of the assessments is so related to the civil commitment proceeding that success thereon would imply the invalidity of Plaintiff's confinement: absent the allegedly deficient assessments, no petition for commitment would have been

1  filed, and there would have been no basis for the Superior Court to proceed on the
2  petition to civilly commit Plaintiff under the SVPA. Huftile, 410 F.3d at 1141.

3      In sum, until Plaintiff's civil detention has been "reversed on direct appeal,
4  expunged by executive order, declared invalid by a state tribunal authorized to make
5  such determination, or called into question by a federal court's issuance of a writ of
6  habeas corpus," Plaintiff is barred from bringing his claims under section 1983. Heck,
7  512 U.S. at 487.

8          **C.      Prospective Relief from Future Assessments**

9      Edwards leaves open the possibility for Plaintiff to seek prospective relief in a
10  section 1983 action to prevent future injury caused by future assessments. 520 U.S. at
11  648. However, Plaintiff has not specifically articulated such a claim. Moreover, even if he
12  wishes to do so, his allegations would fail to state a cognizable claim.

13      Plaintiff alleges the assessments violated his procedural and substantive Due
14  Process rights. However, Plaintiff does not identify any process due to him, under the
15  SVPA or otherwise, that was denied in the assessment process. Significantly, the
16  assessments are not determinative of whether Plaintiff's detention should continue.
17  Rather, Plaintiff may petition the court for conditional release without the
18  recommendation or concurrence of SDSH. Cal. Welf. & Inst. Code § 6608(a). Plaintiff's
19  continued detention is determined by a judge at a hearing in which Plaintiff has the right
20  to counsel and to retain experts to rebut the State's assessments. Cal. Welf. & Inst.
21  Code § 6608. His ultimate release from commitment is determined by a judge or jury in a
22  proceeding in which Plaintiff maintains the right to counsel and to retain experts, and the
23  State bears the burden of proof beyond a reasonable doubt. Cal. Welf. & Inst. Code
24  § 6605. The SVPA provides sufficient procedural mechanisms for Plaintiff to challenge
25  the assessments, and to demonstrate that he no longer qualifies for civil detention.
26  These protections are such that any flaws in the assessment process do not rise to a
27  due process violation.

28

1   **V.    CONCLUSION AND RECOMMENDATION**

2         Plaintiff's claims, either directly or indirectly, challenge the validity of his

3   confinement, a challenge which may be brought only in a petition for a writ of habeas

4   corpus. Thus, Plaintiff has failed to state any claims that are cognizable under section

5   1983. To the extent Plaintiff could amend to seek relief that is not no so barred, his

6   allegations fail to state a cognizable claim for the reason stated. These deficiencies are

7   not capable of being cured through amendment. <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212-

8   13 (9th Cir. 2012). Plaintiff should not be given leave to amend his section 1983 claims.

9         It is recommended that the Court direct the Clerk's Office to provide Plaintiff with a

10   habeas petition form, and that Plaintiff be permitted to file a habeas petition setting forth

11   facts supporting his challenge to the fact and/or the duration of his confinement.

12   Alternatively, if Plaintiff no longer wishes to pursue this action, he may file a notice of

13   voluntary dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i).

14         Based on the foregoing, it is HEREBY RECOMMENDED that:

15         1. Plaintiff's complaint (ECF No. 1) be dismissed for failure to state a claim

16              upon which relief can be granted;

17         2. The Clerk's Office be directed to send Plaintiff a habeas petition form; and

18         3. Plaintiff be required to file a habeas petition or a notice of voluntary

19              dismissal within thirty (30) days of the date of service of the order adopting

20              these findings and recommendations.

21         These Findings and Recommendations are submitted to the United States District

22   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within

23   fourteen (14) days after being served with these Findings and Recommendations, any

24   party may file written objections with the Court and serve a copy on all parties. Such a

25   document should be captioned "Objections to Magistrate Judge's Findings and

26   Recommendations." Any reply to the objections shall be served and filed within fourteen

27   (14) days after service of the objections. The parties are advised that failure to file

28

objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    February 3, 2015                      /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE